# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Diandrea Carter, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   5:21-cv-00088-MHH |
| Capital Link Management, LLC, a New York limited liability company and Mountain Run Solutions, LLC, a Utah limited liability company, f/k/a Perfection Collection, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## AMENDED COMPLAINT

Plaintiff, Diandrea Carter, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

## PARTIES

**A.   Plaintiff**

3. Plaintiff, Diandrea Carter ("Carter"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants attempted to collect

a defaulted consumer debt which she allegedly owed originally for home alarm services to Vivint.

**B.     Defendant Mountain Run Solutions, LLC**

4.     Defendant, Mountain Run Solutions, LLC, f/k/a Perfection Collection ("Mountain"), is a Utah limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, both directly and indirectly (by hiring third-party collectors), defaulted consumer debts that it did not originate. Mountain operates a defaulted debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Alabama. In fact, Defendant Mountain was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.     Defendant Mountain is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar. Defendant Mountain's principal, if not sole, business purpose is the collection, directly and indirectly, of defaulted consumer debts originated by others. Defendant Mountain collects debts both directly, through credit reporting, and also indirectly, by hiring third-party collectors, such as Defendant Capital Link Management, LLC, for the explicit and exclusive purpose of collecting upon defaulted consumer debts which Mountain has purchased.

6.     Although Defendant Mountain is not authorized to conduct business in the State of Alabama, Defendant Mountain does, in fact, conduct business in Alabama.

**C.     Defendant Capital Link Management, LLC**

7.     Defendant, Capital Link Management, LLC ("Capital"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant Capital operates a defaulted debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Alabama. In fact, Defendant Capital was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

8.  Defendant Capital is authorized to conduct business in the State of Alabama and maintains a registered agent here, see, records from the Alabama Secretary of State, attached as Exhibit A. In fact, Defendant Capital conducts business in Alabama.

**D.  Defendants Mountain and Capital Are Debt Collectors**

9.  The term "debt collector", as it is used in the FDCPA, regulates entities "who regularly collects or attempts to collect, **directly or indirectly**, debts owed or due or asserted to be owed or due another", see, 15 U.S.C. §1692(a)(6), see also, Barbato v. Greystone All., 916 F.3d 260, 268-69 (3d Cir. 2019), cert. denied, Crown Asset Mgmt. v. Barbato, 2019 U.S. LEXIS 5417 (U.S. 2019 ('"Collection" by its very definition may be indirect, and that is the type of collection in which [the defendant debt buyer] engages: it buys consumer debt and hires debt collectors to collect on it. The existence of a middleman does not change the essential nature—the 'principal purpose'—of [the defendant debt buyer's] business"); Janetos v. Fulton Friedman & Gullace, 825 F.3d 317, 325 (7th Cir. 2016)("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself.), Pollice v. Nat'l Tax Funding, 225 F.3d 379, 404-06 (3d Cir. 2000)("an entity that is itself a 'debt collector'—and hence subject to

3

the FDCPA—should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf"), and Fox v. Citicorp Credit Servs., 15 F.3d 1507, 1516 (9th Cir. 1994)(similar holding).

10. Moreover, a debt buyer, such as Defendant Mountain, may be held vicariously liable for the actions of its collector, such as Defendant Capital, see, McAdory v. M.N.S. & Assocs., 2021 U.S. Dist. LEXIS 106384, at [*14](D. Or. 2021) (Collecting cases and finding that the debt buyer exercised sufficient authority over a collector to form a principal/agent relationship, such that the debt buyer was liable for the collector's violations of the FDCPA, despite the fact that the defendants characterized the collector as an independent contractor); see also, Marchisio v. Carrington Mortg. Servs., 919 F.3d 1288, 1313 (11th Cir. 2019)(In a claim brought pursuant to the FCRA, the court found that "[D]efendant as the principal is bound by the acts of his agent. Even where an agent's act is unauthorized, the principal is liable if the agent had the apparent authority to do the act and that apparent authority was reasonably relied upon by the third party dealing with the agent.")(Internal citations omitted); see also, Jones v. Federated Fin. Reserve Corp., 144 F.3d 961, 965 (6th Cir. 1998) (applying agency principles to determine vicarious liability under the Fair Credit Reporting Act).

## FACTUAL ALLEGATIONS

11. On May 11, 2018, Ms. Carter filed a Chapter 13 bankruptcy petition in a matter styled In re: Carter, N.D.Ala.Bankr. No. 18-81432-CRJ13. Among the debts listed on Ms. Carter's Schedule E/F was a debt that she allegedly owed originally to Vivint for home alarm services, for which she had co-signed on behalf of a former boyfriend;

4

Defendant Mountain (f/k/a Perfection Collection), which had purchased the alleged debt after default, was also listed on Plaintiff's Schedule E/F as the current owner of the debt, see, excerpt of Schedule E/F, attached as Exhibit B.

12. Accordingly, on May 13, 2018, Defendant Mountain was sent notice of the bankruptcy by the court, via U.S. Mail, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, which is attached as Exhibit C.

13. Nonetheless, Defendant Mountain hired a third-party collector, Defendant Capital, and directed it to attempt to collect the alleged Vivint debt, which it did by sending Ms. Carter a text message on October 29, 2020, demanding payment of the Vivint debt she allegedly owed prior to the bankruptcy. Ms. Carter responded to this text, stating that she was represented by an attorney as to this debt, that she had filed Chapter 13 bankruptcy and included this debt in her bankruptcy.

14. Moreover, on November 30, 2020, Ms. Carter obtained copies of her Transunion and Experian credit reports, which showed that Defendant Mountain had also tried to collect this debt by submitting a negative report about the debt on Ms. Carter's credit reports; Mountain had updated this reporting as of November, 2020, but failed to note that the debt was subject to a bankruptcy. The pertinent parts of Ms. Carter's TransUnion and Experian credit reports are attached as Group Exhibit D.

15. Subsequently, Defendant Capital's collectors, acting on behalf of their client, Defendant Mountain, directly called Ms. Carter, including, but not limited to, telephone calls on December 9, 2020, December 12, 2020 and December 14, 2020, demanding that Ms. Carter call or text them back regarding payment of the Vivint debt.

16. On December 14, 2020, after the repeated calls from Defendant Capital

on behalf of Defendant Mountain, Ms. Carter called and spoke with one of Defendant Capital's collectors. During this phone call, Ms. Carter told a collector that the debt was included in her bankruptcy, that she was represented by an attorney, that she did not owe the debt, and that she demanded that communications stop. Undeterred, collectors from Defendant Capital, acting on behalf of its client, Defendant Mountain, called Ms. Carter again on December 15, 2020, to demand payment of the debt that was included in her bankruptcy. On December 15, 2020, Ms. Carter called Defendant Capital back and, again, explained that this debt was on her bankruptcy and she was represented by an attorney.

17.  In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

18.  To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2), while § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment of a debt that a consumer has refused to pay, see, 15 U.S.C. § 1692c(c).

19. Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e.

20. Ms. Carter had been informed by counsel and believed that she had the right to refuse to pay this debt, to demand that collection communications cease, and a right to privacy. Defendant Capital's continued collection communications, and Defendant Mountain's indirect collection communications, as well as Defendant Mountain's false credit reporting, after Ms. Carter had filed for bankruptcy, made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendants' collection actions resulted in a direct invasion of Ms. Carter legally-protected right to be left alone and her right to privacy – rights granted to consumers under § 1692c of the FDCPA.

21. Ms. Carter had been informed by counsel that she had a right to be represented by counsel as to her debts. Defendant Capital's continued collection communications, and Defendant Mountain's indirect collection communications, made Ms. Carter believe that she did not have the right to be represented by counsel as to her debt that Congress had granted her under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Carter's legally-protected right to be represented by counsel – a right granted to consumers under § 1692c of the FDCPA.

22. Defendants', Mountain's and Capital's, actions all caused Plaintiff to question whether her counsel had done its job, whether this debt had been correctly scheduled in her bankruptcy, whether she had the right to be left alone, whether she

had the right to be represented by counsel and whether she had the right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA. Defendants', Mountain's and Capital's, collection actions upset, distressed, outraged, and alarmed Ms. Carter, and forced her to expend her time and money to stop these collection actions.

23. All of Defendants', Capital's and Mountain's, collection actions at issue in this matter occurred within one year of the date of Ms. Carter's Initial Complaint, see, Dkt.1.

24. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violations Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt Included In A Bankruptcy

25. Plaintiff adopts and realleges ¶¶ 1-24.

26. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), and communicating credit information which is known or should be known to be false, see, U.S.C. §1692e(8).

27. Demanding payment of a debt that is included in a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v.

IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004). By repeatedly contacting Ms. Carter, via text and telephone, to demand payment of a debt which was subject to her bankruptcy, Defendant Capital violated § 1692e of the FDCPA through its direct collection actions. Moreover, by hiring Defendant Capital to, and directing it to collect a debt, which it knew was subject to bankruptcy, Defendant Mountain, through its indirect collection actions, violated §1692e of the FDCPA. Finally, by failing to note on her credit report, that Ms. Carter's debt had been included in her bankruptcy, Defendant Mountain directly violated §1692e(8) of the FDCPA.

28.     Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

29.     Plaintiff adopts and realleges ¶¶ 1-24.

30.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

31.     Here, both the bankruptcy and the notice issued by that court (Exhibit C), as well as Plaintiff's communications with Mountain's agent and/or contractor, Defendant Capital, provided notice to Defendant Mountain and Defendant Capital to cease communications and cease collections. By continuing to report to Experian and Transunion that the debt was owed, without noting that it was subject to bankruptcy

(Group Exhibit D), and by hiring Defendant Capital to communicate directly with Ms. Carter regarding this debt and demanding payment of the Vivint debt, which was subject to her bankruptcy, Defendant Mountain violated § 1692c(c) of the FDCPA.

32. Moreover, Defendant Capital's direct communications with Ms. Carter, when she texted it, and called it to inform it that her debt was subject to bankruptcy and that she had an attorney as to this debt, provided notice to Defendant Capital to cease communications and cease collections.

33. By continuing to communicate with Ms. Carter directly, by texting her and calling her repeatedly after it was informed, through its text and verbal communications with her, that she was represented by counsel and that this debt was subject to her bankruptcy, Defendant Capital violated §1692c(c) of the FDCPA. Moreover, Defendant Mountain's indirect collection actions, by hiring Defendant Capital to attempt to collect this debt, violated §1692c(c) of the FDCPA.

34. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA – Communicating With A Consumer Represented By Counsel

35. Plaintiff adopts and realleges ¶¶ 1-24.

36. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

37. Defendants were each given direct notice of Plaintiff's bankruptcy and that Plaintiff was represented by an attorney in connection with this debt: Defendant Mountain, through her bankruptcy notice (Exhibit <u>C</u>), and Defendant Capital, through her text (Group Exhibit <u>D</u>) and telephone calls. Accordingly, Defendants were each aware of Plaintiff's bankruptcy before Defendant Capital, acting on behalf of Defendant Mountain, made numerous telephone calls to Ms. Carter in an attempt to collect a debt that had been included in her bankruptcy.

38. By continuing to communicate with Ms. Carter directly, by texting her and calling her repeatedly after it was informed, directly through its text and verbal communications with her, that she was represented by counsel and that this debt was subject to her bankruptcy, Defendant Capital violated §1692c(a)(2) of the FDCPA. Moreover, Defendant Mountain's indirect collection actions, by hiring Defendant Capital to attempt to collect this debt, violated §1692c(a)(2) of the FDCPA.

39. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Diandrea Carter, prays that this Court:

1. Find that Defendants' collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff Carter, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Diandrea Carter, demands trial by jury.

                                      Diandrea Carter,

                                      By: /s/ David J. Philipps_____
                                      One of Plaintiff's Attorneys

                                      By: /s/ Ronald C. Sykstus_____
                                      One of Plaintiff's Attorneys

Dated: August 12, 2021

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner
   & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com

## CERTIFICATE OF SERVICE

      I hereby certify that on August 12, 2021, a copy of the **Amended Complaint** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Bethany Ray Reichard | breichard@lippes.com |
| Lippes Mathias Wexler Friedman, LLP | |
| 10151 Deerwood Park Blvd. | |
| Building 300, Suite 300 | |
| Jacksonville, Florida 32256 | |

| | |
|---|---|
| Ronald C. Sykstus | Rsykstus@bondnbotes.com |
| Bond, Botes, Sykstus, Tanner | |
|   && Ezzell, P.C. | |
| 225 Pratt Avenue | |
| Huntsville, Alabama 35801 | |

      Notice of this filing will be sent today to the following parties via first class U.S. Mail, postage pre-paid.

Mountain Run Solutions, LLC
c/o Adam Carlton, as registered agent
313 E. 1200 South
Suite 200
Orem, Utah 84058

Brian Fuller, President
Mountain Run Solutions, LLC
313 E. 1200 South
Suite 200
Orem, Utah 84058

/s/ David J. Philipps_____